UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
LISA DIANE BAILEY,

                              Plaintiff,                 07-CV-0395

              v.                         **DECISION**
                                              **and ORDER**
MICHAEL J. ASTRUE, Commissioner
of Social Security

                              Defendant.
_____

## INTRODUCTION

Plaintiff, Lisa Diane Bailey ("Plaintiff"), seeks review of the final decision of the Commissioner of Social Security ("Commissioner") denying her application for Supplemental Security Income ("SSI") under 42 U.S.C. §§ 405(g) and 1383(c).  Plaintiff specifically asserts that the decision of the Administrative Law Judge ("ALJ"), Raymond M. Faby, that Plaintiff was not disabled within the meaning of the Social Security Act, was not supported by substantial evidence and that the ALJ applied an erroneous standard of law.

The Commissioner moves for judgment on the pleadings pursuant to Fed. R. Civ. P. 12 (c) ("Rule 12 (c)"), on the grounds that the correct legal standards were applied and the decision was supported by the evidence.  Plaintiff opposes the motion and cross-moves for judgment on the pleadings on the grounds that the Commissioner's determination was erroneous and that the Plaintiff is disabled. The Court finds, for the reasons set forth below, that the

Commissioner's decision was supported by substantial evidence and is in accordance with applicable law.  Therefore the Commissioner's motion for judgment on the pleadings is hereby granted and Plaintiff's motion for judgment on the pleadings is denied.

## BACKGROUND

On November 3, 2003, Plaintiff, at the time 38 years old, filed an application for SSI alleging disability, due to neck and back pain, beginning May 14, 2003.  Plaintiff's application was initially denied on May 25, 2004 by the Social Security Administration.  Plaintiff then filed a timely written request for a hearing on July 16, 2004.

Thereafter, Plaintiff appeared in Buffalo, NY on February 28, 2006, with a non-attorney representative, at a Video Hearing before ALJ Raymond M. Faby. In a decision dated June 2, 2006, the ALJ determined that the Plaintiff was not disabled.  The ALJ's decision became the final decision of the Commissioner when the Social Security Appeals Council denied Plaintiff's request for review on May 4, 2007.  On June 19, 2007 Plaintiff filed this action.

## DISCUSSION

### I.   Jurisdiction and Scope of Review

42 U.S.C. § 405(g) grants the district court jurisdiction to hear claims based on the denial of Social Security benefits.  When reviewing such a claim, this section directs the Court to accept the findings of fact made by the Commissioner, provided that those

2

findings are supported by substantial evidence in the record. Substantial evidence is defined as, "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Consolidated Edison Co. V. NLRB, 305 U.S. 197, 217 (1938). Section 405(g) thus limits the Court's scope of review to determining whether or not the Commissioner's findings were supported by substantial evidence. See Mongeur v. Heckler, 722 F.2d 1033, 1038 (2d Cir. 1983) (finding that a reviewing court does not try a benefits case de novo). The Court is also authorized to review the legal standards employed by the Commissioner in evaluating Plaintiff's claim.

The Court must "scrutinize the record in its entirety to determine the reasonableness of the decision reached." Lynn v. Schweiker, 565 F. Supp. 265, 267 (S.D. Tex. 1983) (citation omitted). The Commissioner asserts that his decision was reasonable and is supported by the evidence in the record, and moves for judgment on the pleadings pursuant to Rule 12 (c). Judgment on the pleadings may be granted under Rule 12 (c) where the material facts are undisputed and where judgment on the merits is possible merely by considering the contents of the pleadings. Sellers v. M.C. Floor Crafters, Inc., 842 F.2s 639 (2d Cir. 1988). If, after a review of the pleadings, the Court is convinced that Plaintiff can prove no set of facts in support of his claim which

would entitle him to relief, judgment on the pleadings may be appropriate.  See Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

**II.  The Commissioner's decision to deny the Plaintiff benefits was supported by substantial evidence in the record.**

The ALJ in his decision found that Plaintiff was not disabled within the meaning of the Social Security Act.  In doing so, the ALJ adhered to the Social Security Administration's 5-Step sequential evaluation analysis for evaluating appointments for disability benefits. See 20 C.F.R. § 404.1520.[1]  Under Step 1 of the process, the ALJ found that the Plaintiff had not engaged in substantial gainful activity at any time relevant to his decision. (Transcript of Administrative Proceedings at page 14) (hereinafter "T.").  The ALJ then found that the Plaintiff's impairment, disorder of the spine with associated neck and back pain, was severe within the meaning of the Regulations but were not severe enough to meet or medically equal one of the listed impairments in Appendix 1, Subpart P of the Regulations No. 4. (T. At 14-15).

Further, at Step 4 the ALJ concluded that the Plaintiff retained the residual functional capacity to perform the physical requirements of light work, occasionally lifting 20 pounds,

---

[1]Five-step analysis includes: (1) ALJ considers whether the claimant is currently engaged in substantial gainful activity; (2) if not, ALJ considers whether the claimant has a severe impairment which significantly limits his physical or mental ability to do basic work activities; (3) if the claimant suffers such impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in regulations Appendix 1, and if so, the claimant will be considered disabled without considering vocational factors; (4) if the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has residual functional capacity to perform his past work; and (5) if the claimant is unable to perform past work, ALJ determines whether the claimant could perform other work.  See id.

frequently lifting 10 pounds, and standing and or siting for 6 hours a day,  provided that the work environment is free of excessive dust, fumes or humidity which could aggravate Plaintiff's alleged asthma. (T. at 14-15).  The ALJ specifically stated that, "mild to moderate pain or discomfort is not, in itself, incompatible with the performance of sustained activity." (T. at 16). Ultimately, the ALJ found that, while Plaintiff is no longer capable of performing her past relevant work as a home health care aide, considering Plaintiff's age, education, work experience, and residual functional capacity, there are jobs in substantial numbers in the national economy that Plaintiff is capable of performing.

Based on the entire record, including the medical evidence in the record, I find that the ALJ properly concluded that Plaintiff was not disabled within the meaning of the Social Security Act.

A.    **The ALJ's decision is supported by the medical evidence in the record.**

The ALJ determined that the Plaintiff's spine disorder with associated neck and back pain did not prevent her from finding and performing light work. (T. at 14, 17).  Plaintiff argues that the ALJ improperly evaluated the evidence, medical and non-medical, and that the ALJ erred in his assessment of the credibility of the Plaintiff's statements regarding her symptoms of pain. (Plaintiff's Brief at 12-13).  The ALJ recognized that the Plaintiff:

> ...experiences some degree of pain and discomfort with the residual injuries suffered in her work related injury and motor vehicle accident, but feels that the resulting

5

limitations reflected in the physical residual functional
capacity assessment adequately accommodate those limitations.
Neither the objective medical evidence nor the claimants
testimony noted earlier to be less than fully credible
establishes that the ability to function has been so severely
impaired as to preclude all types of work activity. (T. At
17).

I find that there is substantial medical evidence in the record

to support the ALJ's assessment of the Plaintiff's credibility

and his conclusions that the Plaintiff was not disabled within

the meaning of the Social Security Act.

The medical evidence, including the opinions of her treating

physicians, shows that Plaintiff, while suffering from pain

associated with a spinal disorder, did not experience a level of

pain that would prohibit her from engaging in light work.

Plaintiff testified at the Administrative Hearing, that she

experienced pain in her neck, shoulders, and lower back and that

the pain travels down her spine to her left arm. (T. at 304).

The pain began after an injury that occurred while she worked as

a home health aide and continued after she underwent a diskectomy

and fusion at C5-C6 performed by Dr. Anthony Leone on January 18,

2002 (T. at 94).  After her surgery, she continued to see her

primary care doctor, Dr. Gabriel Cortes (T. at 105-127),

Dr. Leone (T. at 255-259), and a pain management specialist

Dr. Pratibha Bansal (T. at 154-193).  She was involved in an

automobile accident on September 13, 2005, which worsened her

symptoms and she sought treatment from a chiropractor, Anthony M. Caruso D.C. (T. at 279).

Dr. Bansal noted on multiple occasions that the Plaintiff, while continuing to experience pain, was improving and would benefit from returning to work. (T. At 152,157, 158). After many return visits with Dr. Leone, he reported, on March 2, 2004, that an MRI revealed no significant abnormalities and that there was nothing else that he could do for her. (T. at 259). Dr. Leone ordered another MRI after her car accident, on November 10, 2005, which also did not reveal any new abnormalities. (T. 290-291). During her visits with Dr. Caruso, from September through October 2005, she reported her symptoms as mild to moderate and "dull in quality." (T. at 281).

Plaintiff also alleged a case of asthma, however Neuropsychologist, Dr. Michael Santa Maria reported that she continues to smoke 1 pack of cigarettes a day. (T. at 128). Psychiatric evaluations by Dr. Thomas Dickinson and Dr. H. Szymanski revealed that Plaintiff had non-sever impairments that may require psychiatric counseling, however occupational counseling was also recommended. (T. at 223, 215-216). Dr. Szymanski particularly found no restrictions to daily activities. (T. at 233). She was also examined by internal medicine specialist, Dr. Mohammad Jaffri who found that she had moderate to severe lifting and carrying limitations, mild to

moderate pushing, pulling, and prolonged standing limitations, and sensitivity to heat and humidity due to her asthma. Taken together, the medical evidence suggests that Plaintiff was experiencing pain and had some physical limitations, but that the pain was not severe enough to prevent her from returning to the workforce in some capacity.

B. **The ALJ properly determined that Plaintiff's residual functional capacity was consistent with the capability to perform light work.**

The objective medical evidence, along with Plaintiff's testimony, reveals that Plaintiff's pain was not so disabling to preclude her from light work which does not require heavy lifting, carrying, pushing, pulling, or prolonged standing and which can be performed in an environment that is free of dust, fumes, and excessive humidity. Plaintiff underwent a Functional Capacity Evaluation on March 3, 2004 and a Physical Residual Functional Capacity Assessment on May 20, 2004. (T. at 194-194, 217-221). The evaluations confirmed that she had some limitations with lifting and carrying, and standing or walking for more than 6 hours per day. The evaluations also listed several environmental limitations including fumes, dust, and excessive humidity. (T. at 196 and 218-220). However, the evaluations concluded that she could tolerate a range of light work. (T. at 196) The Functional Capacity Evaluation stated that her past relevant work, as a home health care aide, was not

feasible, but that she should "reassess the work force and [seek] guidance for suitable job and career goals...[that match]...her residual functional capacity. (T. at 196).  The ALJ correctly concluded that "many medical conditions produce pain not severe enough to preclude all gainful employment" and that in this case Plaintiff's condition did not prevent her from seeking out and performing light work. (T. at 16).

## CONCLUSION

For the reasons set forth above, the Commissioner's motion for judgment on the pleadings is granted.  Plaintiff's motion for judgment on the pleadings is denied, and Plaintiff's complaint is dismissed with prejudice.

ALL OF THE ABOVE IS SO ORDERED.


S/Michael A. Telesca

_____

MICHAEL A. TELESCA
United States District Judge


Dated:    Rochester, New York
          September 17, 2008